

FILED

SEP 0 7 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| ELVIS WAYNE JONES,<br><br>Plaintiff,<br><br>vs.<br><br>DAN MORALES, et al.,<br><br>Defendants. | Cause No. CV 10-00089-M-DWM-JCL<br><br>RECOMMENDATION AND ORDER DISMISSING COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915(g) |

On August 16, 2010, Plaintiff Elvis Wayne Jones, a Texas state prisoner proceeding pro se, submitted a one-page document entitled "For this cause of out of state of Texas correction by reappealing a wrongful money debt out of the Beaumont, Texas Hines Court." (Court Doc. 2). This filing was construed as a civil complaint. On August 23, 2010, Mr. Jones submitted a number of other filings which were construed as supplements to the complaint. (Court Doc. 4).

Mr. Jones is an inmate incarcerated at the James Allred Unit, located in Iowa Park, Texas. The Montana Department of Corrections website has no record of Mr. Jones being incarcerated in Montana and his Complaint indicates no

connection with the State of Montana.

For the most part, Mr. Jones's allegations are incomprehensible but he seems to take issue with a $603.39 fine/fee assessed "in January of 1992-1993" in Texas. (Court Doc. 2).

The only defendant named on what the Court construes as the Complaint is the 1996 Texas Attorney General Dan Morales. On other documents Magistrate Earl S. Hines Court, 1996 Texas Attorney General Dan Morales, and 2010 Texas Attorney General Greg Abbott are listed as defendants.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). The "three strikes rule" of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), prohibits incarcerated prisoners from filing in forma pauperis in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Mr. Jones has filed at least twenty-one civil lawsuits (excluding habeas actions) in United States federal courts since 1987. This is his first filing in Montana. *See* U.S. Party/Case Index, PACER Service Center,

http://pacer.psc.uscourts.gov. A review of these cases reveals that at least three of Mr. Jones's prior lawsuits have been dismissed as frivolous. *See, e.g., Jones v. West*, 1:96-CV-532 (E.D. Tex.) (dismissed as frivolous, Sept. 18, 1997); *Jones v. West*, 1:97-CV-685 (E.D. Tex.) (dismissed as frivolous and for failure to state a claim, Feb. 17, 1999); *Jones v. Beaumont Judicial Court*, 1:98-CV-1472 (E.D. Tex.) (dismissed as frivolous, Feb. 24, 1999); *Jones v. Beaumont Judicial Courts*, 1:98-CV-1473 (E.D. Tex.) (dismissed as repetitious, March 25, 1998); *Jones v. City of Austin, et al.*, 3:09cv77-JWS (D. Alaska)(dismissed as frivolous and for failure to state a claim, May 12, 2009).

In addition, a number of other courts have denied Mr. Jones's motions to proceed in forma pauperis based upon the three strikes rule. *See Jones v. Johnson, et al.*, A-00-CA-623-JN (W.D. Tex.)(denying in forma pauperis status based upon three strikes, November 8, 2000); *Jones v. Allred Unit, et al.*, 7:05-CV-00084-R (N.D. Tex.)(denying in forma pauperis status based upon three strikes, April 28, 2005); *Jones v. Hampton, et al.*, 7:05-CV-00112-R (N.D. Tex.)(denying in forma pauperis status based upon three strikes, June 23, 2005); *Jones v. Texas, et al.*, 7:08-CV-00196-O (N.D. Tex.)(denying in forma pauperis status based upon three strikes, November 26, 2008); *Jones v. The 1996 Texas Attorney General, et al.*, 09-00079-JMS-BMK (D. Hawaii)(denying in forma pauperis status based upon

three strikes).

Finally, the District of Alaska has issued a three strikes order prohibiting Mr. Jones from bringing any other actions without payments of fees in any federal court in the United States unless he can demonstrate he is in "imminent danger of serious physical injury." *See Jones v. City of Austin, et al.*, 3:09cv77-JWS (D. Alaska, May 18, 2009).

Mr. Jones has exceeded the three strikes allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Mr. Jones does not allege he is in imminent danger of serious physical injury.

While the Court ordinarily gives litigants a period of time to pay the full filing fee of $350.00, it will not do so in this case. In light of the May 18, 2009 Three Strikes Order issued out of the District of Alaska and the multiple other cases denying Mr. Jones permission to proceed in forma pauperis based upon three strikes, Mr. Jones should have known he probably would not be permitted to proceed in forma pauperis.

No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the following Order be issued by Judge Molloy.

DATED this 23rd day of August, 2010.

_____
Jeremiah C. Lynch
United States Magistrate Judge

Based upon the above Recommendation by Judge Lynch, the Court issues the following:

## ORDER

1. Mr. Jones's Motion to Proceed in Forma Pauperis (Court Doc. 1) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

2. The Clerk of Court is directed to terminate all pending motions, close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. No motions for reconsideration or rehearing will be entertained and the Clerk of Court is directed to discard any such motions.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(4)(B) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith. No reasonable person could suppose that an appeal of this decision would have merit.

DATED this ____ day of September, 2010.

_____
DONALD W. MOLLOY
United States District Judge